UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUSSAIN MUZAHIR,

              Petitioner,

v.

CHRISTOPHER CHESTNUT,

              Respondent.

No. 1:26-cv-02246-DJC-CSK

ORDER

On February 24, 2026, this Court granted Petitioner Muzahir's Petition for Writ of Habeas Corpus and ordered that Petitioner be provided a constitutionally adequate bond hearing. *Muzahir v. Warden of California City Det. Facility*, No. 1:26-cv-01136-DJC-CSK, 2026 WL 504703, at *2 (E.D. Cal. Feb. 24, 2026). In doing so, the Court expressly ordered that at such a hearing "Petitioner shall be allowed to have counsel present." (*Id.*)

Petitioner appeared before an Immigration Judge on March 2, 2026. However, Petitioner was not provided any advance notice of the hearing. (Suppl. Br. (ECF No. 10) at 5.) Rather, Petitioner was working at the detention center kitchen when he was told to immediately go attend the bond hearing over video call. (*Id.* at 15.) Petitioner's immigration bond counsel, who last represented Petitioner in seeking a bond hearing in March 2025, also did not have notice of the hearing and was not

1

present. (*Id.* at 3–4, 14.)  At the bond hearing, the Immigration Judge stated that Petitioner "appears in [sic] pro se and is unrepresented." (ECF No. 10-1 at 1.)  Neither Respondents nor the Immigration Judge informed Petitioner that this Court's order dictated he was permitted to have counsel present.[1]  (Suppl. Br. at 15.)

Based on these events, Petitioner filed a Petition for a Writ of Habeas Corpus (ECF No. 1), a Motion for Appointment of Counsel (ECF No. 2), and a Motion for Temporary Restraining Order (ECF No. 3.)  The Court appointed counsel (ECF No. 7) and Petitioner's appointed counsel filed Supplemental Briefing in support of the Petition.  (Suppl. Br. (ECF No. 10).)  Respondents filed an Opposition (ECF No. 13) and Petitioner replied (ECF No. 14.) The Court does not construe Petitioner's present motion as seeking review of the Immigration Judge's decision at the bond hearing, but rather whether Respondents have complied with the Court's prior order.

By failing to provide adequate notice, Respondents did not give Petitioner any opportunity to identify and contact counsel to represent him at the bond hearing. This Court's prior order did not provide Petitioner with the required notice as Petitioner is pro se and may not yet have received the mailed notice of the order.  (*See* Suppl. Br. at 5.)  Respondents' actions deprived Petitioner of any meaningful opportunity to secure representation and thus Respondents failed to comply with this Court's prior order.  *See Muzahir*, 2026 WL 504703, at *2.

Accordingly, the Petition (ECF No. 1) is GRANTED.  Respondents are ORDERED to provide Petitioner with a constitutionally adequate bond hearing before an Immigration Judge within fourteen (14) days of this order.  At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present.  In the event Petitioner is "determined not to be a

---

[1] Although the lawyer for the Department of Homeland Security asked Petitioner if he "happen[ed] to have an attorney representing [him]," this exchange appears to reference whether Petitioner had representation in the appeal of his removal order. (*See* ECF No. 10-1 at 7–8.)

danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

Respondents must provide Petitioner with at least 48 hours' notice of the date, time, and place of the bond hearing. Respondents must also inform Petitioner that he is permitted to have counsel present at the bond hearing. If the parties are unable to provide Petitioner with a bond hearing within fourteen days in accordance with this order, they may *jointly* request a modification of this schedule.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **May 8, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Muzahir26cv02246.merits

3