UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUSSAIN MUZAHIR,

          Petitioner,

      v.

CHRISTOPHER CHESTNUT,

          Defendants.

No. 1:26-cv-02246-DJC-CSK

ORDER

Petitioner is an immigration detainee who received a bond hearing before an Immigration Judge in response to this Court's prior order to provide him with one. At the bond hearing, the Immigration Judge denied bond, concluding that Petitioner was a flight risk. Petitioner now files a Motion challenging the bond hearing he received, contending that it was constitutionally inadequate. For the reasons discussed below the Petitioner's Motion is GRANTED.

**BACKGROUND**

On February 24, 2026, this Court granted Petitioner's Writ of Habeas Corpus and ordered Respondents to provide Petitioner with a constitutionally adequate bond hearing within seven days. *See Muzahir v. Warden,* 1:26-cv-01136-DJC-CSK, 2026 WL 504703 (E.D. Cal. Feb. 24, 2026). Judgment was entered the same day. On March 2,

2026, a bond hearing was held, but Petitioner's counsel did not receive adequate notice of the hearing.  (May Order (ECF No. 15).)  In finding the March bond hearing improper, this Court required that Respondents provide Petitioner with a constitutionally adequate bond hearing before an Immigration Judge within fourteen days of the Order and held that the Government "shall bear the burden of establishing, by clear and convincing evidence," that Petitioner is a danger to the community or flight risk.  (*Id.* at 2–3.)  On May 20, 2026, Petitioner received another bond hearing before an Immigration Judge who again denied Petitioner's release on bond.  (Motion to Enforce Judgment ("Mot.") (ECF No. 17) at 4–7 citing IJ Decision, Ex. C (ECF No. 17-3) at 4.)  At the bond hearing, Petitioner submitted a notarized statement from Petitioner's Sponsor, a copy of the passport and driver's license of the Sponsor, and recent tax returns from the Sponsor.  (Hearing Evidence, Ex. A (ECF No. 17-1).)

Petitioner now brings the instant Motion to Enforce the Court's Judgment granting his Habeas Petition.  The matter is fully briefed (Opp'n (ECF No. 19); Reply (ECF No. 22)).

### LEGAL STANDARD

The Court has jurisdiction to enforce its own orders.  *See Sub-Zero, Inv. v. Wasserman*, No. 2:18-cv-00428-JFW-MAR, 2025 WL 1111551, at *3 (C.D. Cal. March 27, 2025); *see also Agtuca v. Reed*, No. 86-cv-00331-RHW, 2006 WL 2009050, at *2 (E.D. Wash. July 17, 2006).  Petitioner is seeking to enforce the Court's Order as to the standard imposed at the bond hearing.  Petitioner argues that the Court ordered a constitutionally adequate bond hearing with the burden on the Government to prove dangerousness or risk of flight by clear and convincing evidence, but that the hearing failed to comply with that Order.  Given the nature of this argument, Petitioner's motion is simultaneously based on the adequacy of the hearing that was provided.  Thus, the Court's analysis here is grounded in the legal standard for reviewing IJ detention determinations.

In constitutional challenges to an Immigration Judge's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark,* 124 F.4th 775, 784 (9th Cir. 2024). This type of review does not involve "reweigh[ing] evidence" but rather determining whether the Immigration Judge "applied the correct legal standard." *Id.* (citation and quotations omitted). "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions,* 872 F.3d 976, 981 (9th Cir. 2017). Courts may review an Immigration Judge's finding that an alien poses a flight risk for abuse of discretion. *See Zaitsev v. Warden,* No. 2:26-cv-00454-SPG-AS, 2026 WL 391429, at *10 (C.D. Cal. Feb. 9, 2026) (collecting cases).

**DISCUSSION**

Petitioner challenges several aspects of the Immigration Judge's conduct during the bond hearing, including the Immigration Judge's application of the clear and convincing standard, and the types of considerations the Immigration Judge relied on in reaching his conclusion. (*See* Mot. at 3.) Respondents argue that Petitioner's challenge amounts to a challenge to the Immigration Judge's discretionary weighing of the evidence. (Opp'n at 3.)

**I.    Burden of Proof**

The Court first considers whether the Immigration Judge applied the incorrect legal standard at the bond hearing or improperly placed the burden on Petitioner. In its May Order, the Court ordered that Respondents provide Petitioner with a bond hearing where the Government bore the burden of establishing that detention as necessary by clear and convincing evidence. (May Order at 2-3.) Petitioner

3

challenges the Immigration Judge's application of the burden, arguing that he gave "lip service" to the correct burden and did not actually apply that burden in the hearing.  (Mot. at 3.)

The Ninth Circuit has explained that if the immigration court "expressly cited and applied the relevant case law in rendering its decision" the Court accept that it "applied the correct legal standard" unless there is an indication that "something is amiss."  *Martinez*, 124 F.4th at 785 (cleaned up); *see Mendez-Castro v. Mukasey,* 552 F.3d 975, 980 (9th Cir. 2009).  Here, the Immigration Judge cites to the correct standard.  (IJ Decision, Ex. C (ECF No.17-3) at 4.)

The clear and convincing standard requires DHS to present evidence that establishes "an abiding conviction that the truth of its factual contentions are highly probable."  *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (internal citation and quotation marks omitted); *see Mondaca-Vega v. Lynch*, 808 F.3d 413, 422 (9th Cir. 2015).  This is only the case where "the material it offered instantly tilted the evidentiary scales in the affirmative when weighed against the evidence. . . offered in opposition."  *Colorado*, 467 U.S. at 316.  Thus, the question is whether the Immigration Judge applied the relevant case law appropriately: "the Court must decide whether the [Immigration Judge] relied upon proof that – as a matter of law – could not establish" Petitioner's dangerousness or risk of flight.  *Kharis v. Sessions*, No. 18-cv-04800-JST, 2018 WL 5809432, at *5 (N.D. Cal. Nov. 6, 2018).

## II.    Risk of Flight Finding

Petitioner argues that the Immigration Judge abused his discretion in determining that Petitioner presents too great a flight risk to be released on bond by: (1) relying on Petitioner's unlawful entry and failure to have won immigration relief as clear and convincing proof of flight risk; (2) finding Petitioner's unlawful entry into the United States to apply for asylum as an indication that he disrespects immigration laws and the sovereignty of the United States; (3) failing to give weight to Petitioner's sponsor's letter and supporting documents; and (4) failing to consider alternatives to

detention in determining Petitioner presented too great a flight risk to be released on bond.  (*See generally* Mot.)  Respondents argue that Petitioner's arguments go to the Immigration Judge's weighing of several factors, which is an issue to be handled by the BIA appeal process.  (*See* Opp'n at 3.)

When determining whether a noncitizen is a danger to the community or a risk of flight, an Immigration Judge weighs nine factors, pursuant to BIA precedent. *K.G.M.Q. v. Bondi*, No. 2:26-cv-00506-TL, 2026 WL 962609, at *11 (W.D. Wash. Apr. 9, 2026) (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) and *Martinez*, 124 F.4th at 783).  Those factors that an Immigration Judge "may" consider include:

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).

As mentioned above, Petitioner submitted a 25-page bond packet with a verified residence where he could be contacted if released, a financially secure sponsor who pledged to support Petitioner's future appearance at immigration court proceedings, and statements that Petitioner had been in ICE detention for nearly nineteen months without evidence of rule violations and has a pending asylum claim pending before the BIA.  (Reply at 5 citing Hearing Evidence.)  The record also included a Notice to Appear indicating Petitioner's unlawful entry in September 2024, this Court's May Order, and the Ninth Circuit's decision in *Singh v. Holder,* 638 F. 3d

1196 (9th Cir. 2011). (*See* Transcript, Ex. B (ECF No. 17-2) at 1.) DHS argued against bond because (1) Petitioner had a removal order and might be a flight risk if his appeal to the BIA was denied, (2) Petitioner was a "mental danger" since he entered the United States unlawfully in 2024. (*See id.* at 2.)

The Immigration Judge found that DHS met its burden in demonstrating Petitioner to be a risk of flight primarily due to: (1) Petitioner's lack of family ties in the United States; (2) Petitioner's failure to provide evidence of a fixed address; (3) Petitioner's limited relationship with his Sponsor; (4) Petitioner's lack of property or assets in the United States; (5) a decreased incentive to appear or report due to a chance that his efforts to obtain immigration relief will be unsuccessful; (6) Petitioner's lack of employment history; and (7) Petitioner's removal order. (*See* IJ Decision at 4–6.)

Petitioner argues that the Immigration Judge abused his discretion in failing to give weight to the letter and supporting documents from Petitioner's Sponsor. (Mot. at 13–14.) The Court does not agree. The Immigration Judge considered the information but was not persuaded by that the relationship between Petitioner and the sponsor was reliable. (IJ Decision at 5.) In the audio recording of the hearing, the Immigration Judge also expresses that the sponsorship materials "lessen the flight risk to some degree," which also demonstrates that he took it into consideration. To the extent the Petitioner takes issue with the Immigration Judge's weighing of the sponsorship information, that is not a matter for this Court. *See Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB, 2026 WL 710307, at *8 (E.D. Cal. Mar. 13, 2026) (explaining that the court lacks the ability to "second-guess" the Immigration Judge's weighing of the evidence).

Nevertheless, the Court finds that the Immigration Judge failed to hold Respondents to a clear and convincing evidentiary standard. Although some of the reasons the Immigration Judge cited in denying bond fall under the *Guerra* factors, the arguments made by DHS rest on considerations other courts have rejected as

legally insufficient to meet the clear and convincing standard.  First, relying on the speculation that Petitioner would be unlikely to succeed in obtaining immigration relief is not "evidence of flight that remotely approaches the clear and convincing standard."  *Kumar v. Noem*, No. 1:26-cv-01148-DJC-AC, 2026 WL 983129, at *3 (E.D. Cal. Apr. 13, 2026); *see also Tiboko-Tifuh v. Noem,* No. 26-cv-1215-JO-DEB, 2026 WL 1603795, at *3 (S.D. Cal. June 4, 2026) (finding that the Immigration Judge's reliance on the speculation that Petitioner was unlikely to succeed on appeal and would have nothing to "come back for" did not replace evidence or satisfy the clear and convincing evidence standard).  Given the significance the Immigration Judge placed on this consideration, (*see* IJ Decision at 5), and absent any individualized evidence as to why Petitioner would be unlikely to appear at future proceedings, the Court cannot find that the clear and convincing evidentiary standard was applied.

Additionally, the Immigration Judge's reliance on Petitioner's manner of entry, without evidence of individualized concerns related to Petitioner, does not reach the clear and convincing standard.  *See Tiboko-Tifuh,* 2026 WL 1603795, at *2 ("[e]ntry without inspection is common among asylum seekers; absent individualized evidence regarding the particular circumstances surrounding Petitioner's entry or other evidence of past noncompliance, it is insufficient to support a reasonable inference of Petitioner's tendency toward future nonappearance.").  Nor is the Immigration Judge's reliance on *Matter of R-A-V-P* in this instance compelling as that case involved a bond hearing pursuant to section 1226(a) where the burden rested with the noncitizen rather than with the government.  *See Ji  v. Warden*, No. 1:26-cv-03442-DJC-SCR, 2026 WL 1733618 (E.D. Cal. June 16, 2026), at *7 (finding *Matter of R-A-V-P* inapplicable in a bond hearing where the burden of proof was on the government), *adopted in part by Ji v. Warden,* No. 1:26-cv-03442-DJC-SCR, 2026 WL 1852290 (E.D. Cal. June 26, 2026).

Finally, the Immigration Judge's decision penalizes Petitioner for failing to present evidence on certain considerations, rather than placing the burden on the

Government. (*See, e.g.,* IJ Decision at 4 "[t]he Respondent has failed to present any evidence that he has a cousin in the United States); *Nat Res. Def. Council, Inc. v. Pritzker,* 828 F.3d 1125. 1135 (9th Cir. 2016) (citation omitted) ("An agency acts contrary to the law when it gives mere lip service or verbal commendation of a standard but then fails to abide the standard in its reasoning and decision.").

Accordingly, the Immigration Judge's determination that Petitioner was such a flight risk that no amount of bond was appropriate was an abuse of discretion due to the failure to apply the appropriate standard during the hearing.

**III.    Remedy**

At this stage, Respondents have now been given two opportunities to provide Petitioner with a constitutionally adequate bond hearing. Both times, Petitioner has been denied due process of the law. Because Respondents have repeatedly failed to provide Petitioner with an adequate bond hearing, the Court determines that the appropriate remedy here Petitioner's release. *See Tiboko-Tifuh,* 2026 WL 1603795, at *4 (ordering petitioner's release after the government failed to provide a compliant hearing); *see also Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's Motion to Enforce (ECF No. 17) is GRANTED.

2. Respondents are ORDERED to immediately release Petitioner HUSSAIN MUZAHIR from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the

burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

IT IS SO ORDERED.

Dated:  **July 6, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – MUZAHIR26cv02246.mte

9